IN THE 
COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,600-04




EX PARTE HELIBERTO 
CHI, 
Applicant








ON APPLICATION FOR 
POST-CONVICTION WRIT OF HABEAS CORPUS AND MOTION FOR STAY OF EXECUTION FROM 
CAUSE NO. 0805594
IN THE 
CRIMINAL DISTRICT COURT NUMBER THREE
HARRIS 
COUNTY


Per 
Curiam. Price, J., filed a 
concurring statement. Womack, 
J., not participating. 

O R D E 
R

We have before us 
a subsequent application for writ of habeas corpus filed pursuant to the 
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion 
for stay of execution.
In November 2002, 
a jury found applicant guilty of the offense of capital murder. The jury 
answered the special issues submitted pursuant to Texas Code of Criminal 
Procedure Article 37.071, and the trial court, accordingly, set applicant's 
punishment at death. This Court affirmed applicant's conviction and sentence on 
direct appeal. Chi v. State, No. AP-74,492 (Tex. Crim. App. May 26, 
2004) (not designated for publication). Pursuant to Article 11.071, § 4A, 
applicant filed in the convicting court his initial post-conviction application 
for writ of habeas corpus in which he raised seven claims, including a claim 
alleging the violation of his rights under Article 36 of the Vienna Convention. 
The convicting court recommended that we deny his claims. We adopted the trial 
court's findings of fact and conclusions of law and denied habeas relief. Ex 
parte Chi, No. WR-61,600-01 (Tex Crim. App. Apr. 27, 2005)(not designated 
for publication). 
Applicant later 
filed a subsequent application pursuant to Article 11.071, § 5, and a writ of 
prohibition, in which he challenged the constitutionality of the drug protocol 
used to carry out executions. After filing and setting both cases, this Court 
dismissed the subsequent application and denied the writ of prohibition. Ex 
parte Chi, S.W.3d , Nos. AP-75,930 and 931 (Tex. Crim. 
App. June 9, 2008).
In this newly 
filed subsequent application, applicant asserts that he is entitled to a stay of 
execution and a judicial review and consideration of whether the violation of 
his rights under Article 36 of the Vienna Convention prejudiced him. He asserts 
that this review is mandated by the Avena judgment of the International 
Court of Justice, the Bilateral Treaty of Friendship, Commerce, and Consular 
Rights with Honduras, and the United States Supreme Court's opinion in 
Medellin v. Texas, 552 U.S. (2008). 
We have reviewed 
applicant's subsequent application and find that it does not meet the dictates 
of Article 11.071, § 5, and should be dismissed. Art. 11.071, § 5(a). 
Applicant's motion for stay of execution is denied. 
IT IS SO ORDERED 
THIS THE 6TH DAY OF AUGUST, 2008.
Do not 
publish